Lois Aileen (Highley) (Peters) FET-
TERS, Petitioner-Respondent,

v.

Ralph Harold HIGHLEY,
Respondent-Appellant.

No. 14301.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 6, 1986.

Donald L. Clough, Springfield, for re-
spondent-appellant.

No appearance for petitioner-respondent.

PER CURIAM.

Appellant Ralph Highley appeals from an order of the trial court denying his motion to modify the custody portion of a dissolution decree. By the motion appellant sought custody of the parties' minor child Amy, age 12 at the time of the evidentiary hearing. A similar motion, filed previously by appellant, met the same fate in the trial court and this court affirmed that result. *Peters v. Highley*, 676 S.W.2d 847 (Mo.App. 1984).

In the trial court appellant appeared pro se. In this court there is no appearance by respondent. The trial court, in this proceeding, in addition to denying appellant's motion, amended the decree of dissolution entered November 30, 1981, by deleting from it the following language, "and [appellant] is a fit and proper person to have reasonable temporary custody and visitation rights." The trial court found that appellant "actively sought to interfere with [respondent's] custody of the minor child, Amy Maria Highley, and attempted to instill disrespect for [respondent] by Amy. [Appellant] ... contributed to the emotional abuse of Amy and ... attempted to alienate Amy from [respondent]."

On this appeal appellant's brief challenges the propriety of the trial court's denial of his motion. Appellant also makes contentions concerning the award of attorney's fees to respondent's attorney and the trial court's alleged refusal to "let appellant ask material questions when [respondent's] attorney was permitted to ask similar type questions." Appellant's final complaint is that the trial court improperly terminated his visitation rights.

None of appellant's points has been preserved for appellate review. Although the trial court heard testimony from ten witnesses, neither the "statement of facts" nor "argument" portions of appellant's brief names any witness or mentions any

portion of the testimony. One of the required components of an appellant's brief is a statement of facts. Rule 84.04(a).[1] Rule 84.04(c) reads: "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. Such statement of facts may be followed by a resume of the testimony of each witness relevant to the points presented." Appellant's brief fails to comply with Rule 84.04(c).

Since the issues in this proceeding affect the welfare of a child, this court has scrutinized the two-volume transcript containing the testimony of the ten witnesses. The trial court's denial of appellant's motion is supported by substantial evidence and is not against the weight of the evidence and, with an exception to be mentioned, no error of law appears. A further opinion with regard to the ruling on the motion would have no precedential value. Rule 84.16(b).

Although not requested to do so, the trial court made the deletion previously described from the decree of November 30, 1981. Section 452.400.2 reads: "The court may modify an order granting or denying visitation rights whenever modification would serve the best interest of the child, but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger the child's physical health or impair his emotional development."

Although the trial court made the finding previously quoted, it made no express finding that visitation "would endanger the child's physical health," or that visitation would "impair [her] emotional development." There is insufficient evidence in the record to support a finding that visitation with the child by the appellant would endanger the child's physical health or impair her emotional development. The child herself testified that she wanted to live with her father. This court has concluded that the portion of the trial court's order which deprives appellant of his visitation rights is not supported by the evidence but that the trial court's denial of "reasonable temporary custody" will not be disturbed.

This court, pursuant to Rule 84.14, hereby modifies the judgment of the trial court so as to grant visitation rights to appellant, on alternate weekends, commencing at 6:00 p.m. on Friday and ending at 6:00 p.m. on Sunday, with the first such weekend visitation to commence on the first Friday after receipt by the trial court of this court's mandate. Expenses incident to the exercise of visitation rights shall be borne by appellant. As so modified, the judgment is affirmed.

All concur.

---

1. All references to Rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.